#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

**DOUGLAS GEORGE,**

                    **Plaintiff,**

                                        **CIVIL ACTION**

**v.**

                                        **No. 05-2515-CM-DJW**

**BOARD OF COUNTY COMMISSIONERS**
**OF FRANKLIN COUNTY, et al.,**

                    **Defendants.**

#### MEMORANDUM AND ORDER

This matter is before the Court on "Plaintiff's Motion Pursuant to FRCIVP 37(a)(4)(C) for Allowance of Partial Attorneys Fees and Costs" (doc. 42). Plaintiff seeks to recover attorney fees in the amount of $2,000.00, which Plaintiff states represents a portion of the total attorney fees he incurred in filing his Motion to Compel against Defendants (doc. 25).

On July 20, 2006, the Court denied Plaintiff's Motion to Compel as to the interrogatories and requests for production that sought financial information relevant to Plaintiff's punitive damages claims.[1] The Court, however, granted the Motion to Compel as to two interrogatories and a request for production to which Defendants had objected on the basis of confidentiality. The Court overruled Defendants' confidentiality objections. The Court also granted the Motion to Compel as to an interrogatory requesting basic information regarding Defendants' insurance coverage, to which Defendants had answered "unknown." As to the remaining issues raised in the Motion to Compel, the Court directed the parties to confer in an attempt to resolve them.

---

[1] *See* July 20, 2006 Order (doc. 32).

On July 31, 2006, Plaintiff reported to the Court that the parties had successfully resolved the remaining issues. The Court entered an Order on August 16, 2006 (doc. 37), holding that Plaintiff was entitled to recover a portion of the fees and expenses he had incurred in bringing his Motion to Compel. The Court's Order was made pursuant to Rule 37(a)(4)(C), which allows a court to award a moving party fees and expenses where the motion to compel is granted in part and denied in part. More specifically, the Rule allows the court to "apportion the reasonable expenses incurred in relation to the motion among the parties and persons in a just manner."[2] In issuing its ruling that Plaintiff was entitled to receive a portion of his fees and expenses, the Court implicitly found that Defendants' confidentiality objections and "unknown" responses were not "substantially justified," as that term is used within the meaning of Rule 37(a)(4).[3]

The Court's August 16, 2006 Order directed Plaintiff to file an affidavit itemizing the expenses and fees that he had incurred in bringing his Motion to Compel. In response, Plaintiff filed the instant motion requesting an award of "partial attorneys fees and costs"[4] and submitted an affidavit itemizing his fees.

---

[2]Fed. R. Civ. P. 37(a)(4)(C).

[3]Rule 37(a)(4)(A) provides that when a motion to compel discovery is *granted,* the Court shall require the party whose conduct necessitated the motion or the party or attorney advising such conduct, or both of them, to pay to the moving party the reasonable expenses incurred in making the motion, including attorney fees, "unless the court finds . . . that the opposing party's nondisclosure, response or objection was *substantially justified*, or that other circumstances make an award of expenses unjust." This Court has applied the "substantially justified" standard to the award of fees and expenses under Rule 37(a)(4)(C), when the motion to compel is granted in part and denied in part. *See, e.g., Cardenas v. Dorel Juvenile Group, Inc.*, No. Civ. A. 04-2487-KHV-DJW, 2005 WL 3503625, at *1-3 (D. Kan. Dec. 22, 2005).

[4]*See* Pl.'s Mot. Pursuant to FRCivP 37(a)(4)(C) for Allowance of Partial Attorneys Fees and Costs (doc. 42).

The Court has reviewed these materials and has taken into consideration the various factors set forth in Rule 1.5(a) of the Model Rules of Professional Conduct, as adopted by the Kansas Supreme Court,[5] which are to be used in determining the reasonableness of a lawyer's fee. The Court has also considered the arguments raised in Defendants' opposition to the request for partial fees. The Court finds that a total award in the amount of $1,250.00 is reasonable and appropriate under the circumstances presented. Accordingly, the Court awards Plaintiff the sum of $1,250.00. This sum shall be paid by defense counsel's law firm[6] and shall be paid to Plaintiff within fourteen **(14) days** of the date of filing of this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion Pursuant to FRCIVP 37(a)(4)(C) for Allowance of Partial Attorneys Fees and Costs (doc. 42) is denied in part and granted in part.

**IT IS FURTHER ORDERED** that, within fourteen **(14) days** of the date of filing of this Order, the law firm of Defendants' counsel shall pay Plaintiff the sum of $1,250.00.

---

[5] The District of Kansas has adopted the Model Rules of Professional Conduct as adopted by the Kansas Supreme Court. *See* D. Kan. Rule 83.6.1(a).

[6] To the extent possible, an award of fees and expenses under Rule 37(a)(4) should be imposed only upon the person or entity responsible for the conduct giving rise to the award. *Swackhammer v. Sprint Corp. PCS,* 225 F.R.D. 658, 666, n.36 (D. Kan. 2004); *Kan. Wastewater, Inc. v. Alliant Technsystems, Inc.*, 217 F.R.D. 525, 532, n.28 (D. Kan. 2003). In the event the court determines that the party's attorney rather than the party itself is responsible, the award should be paid by the attorney's law firm rather than the individual attorney. *Kan. Wastewater,* 217 F.R.D. at 532, n.28 (holding law firm rather than individual attorneys responsible for payment of fees and expenses awarded under Rule 37(a)(4)); *McCoo v. Denny's, Inc*., 192 F.R.D. 675, 697 (D. Kan. 2000) (same). Here, there is no indication that Defendants themselves were responsible for the objections and responses at issue. The Court therefore finds that the fees should be paid by the defense attorneys' law firm.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 24th day of April 2007.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:     All counsel and *pro se* parties